1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT
8           NORTHERN DISTRICT OF CALIFORNIA
9
10  UNITED STATES OF AMERICA,    )
                                 )
11           Plaintiff,          )   No. CR 03-0049 MHP (BZ)
                                 )
12      v.                       )
                                 )   **DETENTION ORDER**
13  JOSEPH B. RUTHERFORD,        )
                                 )
14           Defendant.          )
    _____)
15

     The government's motion to detain defendant Joseph B. Rutherford came before the Court on April 27, 2009.  Assistant United States Attorney Denise Barton appeared for the government.  The defendant was present with his counsel, Joseph Morehead.

     Having considered the parties' proffers, and the Pretrial Services reports from both the Central and Northern Districts of California, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant presents a risk of flight and that no conditions of release would reasonably ensure his appearance.  Defendant's proposed conditions of release do not reasonably assure that he would make his appearances.  Some of the factors which I

considered in reaching this decision follow:

    1.   The defendant is the last of several defendants charged with one count of violating 21 U.S.C. §§ 846, Conspiracy to Distribute Marijuana, to be arrested.  If convicted, the defendant faces up to 5 years in prison, thereby giving him some incentive to flee.  However, his guideline range is 0-6 months.

    2.   Defendant has the ability to flee.  Defendant's father and many of his siblings reside in Mexico or Spain. Defendant has been a fugitive for five years and has a history of international travel.  His brother Mark, who lives in San Francisco, was contacted by the FBI shortly after defendant was indicated, as part of the effort to arrest him.  I cannot conceive that the brother, who has maintained some contact with defendant, did not inform him of the charges.

    3.   Defendant has also acted in a manner consistent with wanting to remain a fugitive.  Defendant applied for a new passport in 2006, using his brother's social security number. Defendant had the passport sent to an address in San Francisco, California, where he did not reside, suggesting that other individuals or family members have been helping defendant remain a fugitive.  While the defendant told Pretrial Services that he travels internationally once or twice a year, the only documented travel on defendant's passport, other than his most recent trip from Mexico to Los Angeles (where he was apprehended), was a single trip from Spain to Mexico.  This suggests that, contrary to what the defendant told Pretrial Services, defendant has not been

2

1  living in California for the past five and a half years, but
2  may have instead been living outside of the country.
3       4.   Defendant does not have strong ties to the community.
4  Defendant is not married and does not have any children.  His
5  brother Mark lives in San Francisco, and defendant's mother
6  and one of his two sisters may also live in San Francisco, but
7  there is some confusion over whether and how many of
8  defendant's family members live in the immediate area, and
9  that confusion is largely a product of the inconsistent
10 statements that the defendant has made to Pretrial Services in
11 the Central and Northern Districts.  As best I can tell,
12 defendant's father and one of his four brothers reside in
13 Spain; another one of defendant's brothers and one of his two
14 sisters reside in Mexico; and a third brother lives in Long
15 Beach, California.  He failed to describe the brother living
16 in Mexico to Pretrial Services in Los Angeles.
17      5.   Defendant does not have a stable employment history.
18 Although defendant asserts that he has been self-employed as a
19 videographer and musician for the past ten years, he lacks a
20 significant history of verifiable employment.
21      6.   Defendant also appears to have strong ties to Mexico.
22 In addition to family, the government proffered that defendant
23 maintains a Mexican cell phone with over 150 contacts.
24      7.   Defendant proposed he be released on a $500,000 bond
25 secured by a rental property owned by his brother, Mark and
26 that, among other conditions, he submit to electronic
27 monitoring.  I find that the proposed bond is inadequate.
28 Notably, the property posted to secure the bond is not Mark's

1  family home, but is rental property.  Defendant's inconsistent
2  and inaccurate statements to Pretrial Services in the Central
3  and Northern Districts suggest that he is still trying to
4  circumvent his legal obligations and that he is not amenable
5  to supervision.
6      8.   Defendant's strongest argument is that with his
7  guideline range 0-6 months, and having already spent a month
8  or so in custody, he has no incentive to flee.  However, he
9  had the same guideline range and the same incentive to deal
10 with these charges in 2003, when he became a fugitive.  And
11 when he entered the U.S. in March, it was not to surrender
12 himself; he had obtained the ticket in Mexico, using a
13 brother's account, and it was a round trip ticket.
14      Based on the foregoing, the government's motion to detain
15 is **GRANTED.   IT IS HEREBY ORDERED** that:
16          (1) The defendant be, and hereby is, committed to
17 the custody of the Attorney General for confinement in a
18 corrections facility separate, to the extent practicable, from
19 persons awaiting or serving sentences or being held in custody
20 pending appeal;
21          (2) The defendant be afforded reasonable opportunity
22 for private consultation with his counsel; and
23          (3) On order of a court of the United States or on
24 request of an attorney for the government, the person in
25 charge of the corrections facility in which the defendant is
26 confined shall deliver the defendant to an authorized Deputy
27 ///
28 ///

United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: April 27, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2009\RUTHERFORD DET ORDER.wpd